IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA EVANKAVITCH<br>Plaintiff,<br>v.<br>GREEN TREE SERVICING, LLC,<br>Defendant. | :<br>:<br>: Civil Action No.<br>: 3:12-CV-2564<br>:<br>:<br>: |

FILED
SCRANTON

DEC 21 2012

PER _____
DEPUTY CLERK

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441, Defendant Green Tree Servicing, LLC, by and through its undersigned counsel, Reed Smith LLP, hereby removes this action, pending as Case No. 12-CV-6658 in the Court of Common Pleas of Lackawanna County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania. As grounds for removal, Defendant states as follows:

A. **INTRODUCTION.**

1. On November 13, 2012, Plaintiff Patricia Evankavitch ("Plaintiff") commenced an action by filing a Complaint in the Court of Common Pleas of Lackawanna County where it is presently captioned Patricia Evankavitch v. Green Tree Servicing, LLC, Case No. 12-CV-6658. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

2. Defendant Green Tree Servicing, LLC received the Complaint via certified mail on or about December 3, 2012.

3. To this date, no further pleadings have been filed and no further proceedings have occurred in the Lackawanna County Court litigation.

4. In Plaintiff's Complaint, she seeks recovery in connection with alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* See Compl. ¶ 1.

B. **REMOVAL IS PROPER BECAUSE FEDERAL QUESTION JURISDICTION EXIST.**

5. Removal of this action is proper under 28 U.S.C. §§ 1331 and 1441(a) based on federal question jurisdiction, which allows for the removal of any civil action over which the district courts of the United States would have original jurisdiction.

6. This Court has original jurisdiction over this action because Plaintiff's claims are founded on a claim or right "arising under the ... laws of the United States." See 28 U.S.C. § 1331. More specifically, original jurisdiction is present in this action because Plaintiff's alleged claim under the Fair Debt Collection Practices Act presents a federal question. See 28 U.S.C. § 1331.

7. Accordingly, had Plaintiff's Complaint been brought in the United States District Court for the Middle District of Pennsylvania originally, this Court would have had original jurisdiction over the subject matter under 28 U.S.C. § 1331. As a result, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

C. **ALL OF THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

8. As noted below, Defendant has complied with each of the procedural requirements necessary for removal:

   a) <u>Removal is Timely</u>: Pursuant to 28 U.S.C. § 1446(b), a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This Notice of Removal is being filed within thirty (30) days after

Defendant received a copy of Plaintiff's Complaint (December 3, 2012), and is therefore timely.

b) <u>Venue is Proper</u>: Under 28 U.S.C. § 1441(a), a state court action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." The Court of Common Pleas of Lackawanna County is located within the Middle District of Pennsylvania. See 28 U.S.C. § 118(b). Accordingly, venue is proper in this Court.

c) <u>Pleadings and Process</u>: True and correct copies of all process and pleadings served upon Defendant are attached hereto as **Exhibit A** in compliance with 28 U.S.C. § 1446(a).

d) <u>Filing and Service</u>: Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court of Common Pleas of Lackawanna County.

9. No admission of fact, law or liability is intended by this Notice of Removal, and Defendant Green Tree Servicing, LLC expressly preserves all of its defenses, denials and/or objections to Plaintiff's Complaint and each and every allegation thereof.

**WHEREFORE**, Defendant Green Tree Servicing, LLC requests that the above-captioned action be removed from the Court of Common Pleas, Lackawanna County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania, and that all further proceedings in this action be held before this Court.

Respectfully submitted

*Lauren A. Abbott*

Lauren A. Abbott, Esquire
PA. I.D. No. 203016
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100
(215) 851-1420 (Fax)
labbott@reedsmith.com

*Attorney for Green Tree Servicing, LLC, Defendant*

Dated: December 20, 2012

```
Court Name: District Court
Division: 3
Receipt Number: 333026926
Cashier ID: gangeli
Transaction Date: 12/21/2012
Payer Name: REED SMITH
----------------------------------
CIVIL FILING FEE
 For: REED SMITH
 Case/Party: D-PAM-1-12-CV-002564-001
 Amount:         $350.00
----------------------------------
Paper Check Conversion
 Check/Money Order Num: 1099268
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


Only when bank clears the check or
verifies credit of funds is the fee
or debit officially paid or
discharged. A $53.00 fee will be
charged for returned checks.
```