IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICIA EVANKAVITCH, : No. 3:12cv2564
        Plaintiff :
  v. : (Judge Munley)
GREEN TREE SERVICING, LLC, :
        Defendant :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Plaintiff Patricia Evankavitch's (hereinafter "plaintiff") motion for partial summary judgment in this Fair Debt Collection Practices Act case. The parties have briefed their respective positions, and the matter is ripe for disposition.

**Background**

In 2005, plaintiff obtained a $43,000.00 mortgage on her home. (Doc. 24, Pl.'s Statement of Undisputed Material Facts, (hereinafter "Pl.'s SOF") at ¶ 4).[1] Plaintiff sought the loan to lend the money to her son. (Id. ¶ 5). Plaintiff's son evidently repays the loan by paying his mother who in turn pays Defendant Green Tree Servicing, LLC (hereinafter "defendant"). Plaintiff remains ultimately responsible to the lender. (Id. ¶ 6). Eventually, plaintiff's son fell behind on the loan payments due to financial difficulties. (Id. ¶ 7).[2]

In 2011, defendant became the loan servicer for plaintiff's mortgage. (Id. ¶ 8). When defendant took over servicing the mortgage, it was four months past due. (Id. ¶ 9). In its efforts to collect the debt, defendant

---

[1]For these background facts, we will cite to plaintiff's statement of facts. We will point out where defendant disagrees with these facts.

[2]Defendant objects to these statements regarding plaintiff's son as irrelevant. We provide them merely for background.

telephoned both plaintiff's daughter, and Robert Heim, plaintiff's neighbor. (Id. ¶¶ 12, 14).

On August 24, 2012, defendant telephoned Heim and left a message. (Id. ¶ 18). The message was a request that plaintiff return defendant's call. (Id. ¶ 19). Defendant did not inform Heim that it was a debt collector. (Id. ¶ 21). Heim gave the message to plaintiff. (Id. ¶ 23). After leaving the message with Heim, defendant telephoned Heim three more times. (Id. ¶ 24).

Defendant also made telephone calls to the phone number of plaintiff's daughter. On February 17, 2012, a call was placed by that phone number asking defendant to no longer call it. (Id. ¶ 14). In May 2012, defendant telephoned plaintiff's daughter's phone number and left a message asking for plaintiff or her son to return the call. (Id. ¶ 16).

Based upon these facts, the plaintiff instituted the instant action under the Fair Debt Collection Practices Act, (hereinafter "FDCPA" or "the act"), 15 U.S.C. § 1692 *et seq.* The complaint alleges that defendant violated section 1692c(b) of the FDCPA by asking a third party to have a consumer return the debt collector's call. (Doc. 1-1, Compl. ¶ 11). The complaint also alleges the defendant violated section 1692e(11) of the FDCPA by failing to disclose that it was a debt collector when it left a message with a third party for the plaintiff. (Id. ¶¶ 15-16).

Plaintiff filed the case in the Court of Common Pleas of Lackawanna County, Pennsylvania, and the defendant removed it to this court on December 21, 2012. (Doc. 1, Notice of Removal) The matter has proceeded through discovery, after which, the plaintiff filed the instant motion for partial summary judgment. The parties have briefed their

respective positions and the matter is ripe for disposition.

**Jurisdiction**

As this case is brought pursuant to the FDCPA, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

**Standard of review**

Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the

3

evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

As noted above, plaintiff brings suit pursuant to the FDCPA, which Congress enacted to address "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). The purpose of the law is "to eliminate abusive debt collection practices by debt collectors to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "Consumer" is defined by the FDCPA as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).[3] To eliminate abusive practices against consumers, the FDCPA prohibits certain actions by debt collectors. If a debt collector fails to comply with the FDCPA, the consumer may bring a civil action and obtain any actual damages that person has sustained and such additional damages as allowed by the court, but not exceeding $1,000. 15 U.S.C. § 1692k. A successful consumer may also be awarded the costs of the action and a reasonable attorney's fee. Id.

---

[3]We will use the terms "consumer" and "debtor" interchangeably throughout this memorandum.

4

The parties agree that defendant is a debt collector under the act and that plaintiff is a consumer under the act. The sole liability issue, therefore, is whether defendant engaged in debt collection activities that are prohibited by the FDCPA.

Plaintiff's motion for partial summary judgment raises the following issues: 1) Did the defendant violate the FDCPA by leaving messages with third parties? 2) Did the defendant violate the FDCPA by repeatedly calling third parties? and 3) Did the defendant violate the FDCPA by leaving a message that did not disclose that the call was from a debt collector? We will address these issues separately.

Plaintiff's complaint involves third-party contacts defendant made in attempting to collect plaintiff's debt. The facts surrounding these telephone contacts generally are undisputed and are as follows:

Defendant tried to contact plaintiff or her son several times between December 6, 2011 and January 6, 2012. (Def. Counterstmt. of Undisputed Mat. Facts hereinafter "Def. SOF" ¶ 17). Defendant received no response from them and thus telephoned a third party, plaintiff's daughter. (Id. ¶ 19). Defendant spoke with plaintiff's daughter on January 6, 2012. (Id. ¶ 21). Plaintiff then telephoned defendant on February 17, 2012 using her daughter's telephone. (Id. ¶ 22). She requested that defendant no longer call her daughter's telephone number to speak with plaintiff. (Id. ¶ 23).

Again between February 20, 2012 and June 27, 2012, defendant tried to contact plaintiff or her son regarding the debt. (Id. ¶ 25). During this time frame, defendant left several messages on the voicemail of plaintiff's daughter despite plaintiff's request that defendant not use that telephone number. (Id. ¶ 26).

From June 28, 2012 through August 24, 2012, neither plaintiff nor her son had any contact with the defendant; they did not return any of defendant's calls and did not initiate any of their own calls to defendant. (Id. ¶ 29). On August 24, 2012, defendant began a series of telephone calls to plaintiff's neighbor, Robert Heim. (Id. ¶ 34). On October 24, 2012 and October 30, 2012, defendant left voicemail messages on Heim's landline telephone. (Id. ¶ 41). On October 31, 2012, defendant spoke with Heim regarding plaintiff's location. (Id. ¶ 42). He informed defendant that plaintiff's son had moved to California. (Id. ¶ 43). It is unclear whether he provided information on plaintiff's location.

Plaintiff contends that defendant has violated section 1692c(b) which prohibits a debt collector from communication in connection with the collection of a debt with any person other than the consumer.[4] The statute allows communication with third parties only for very limited purposes, for example, to obtain "location information." 15 U.S.C. § 1692b.

In the instant case, it is undisputed that in addition to obtaining

---

[4]Specifically, the statute provides as follows:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

location information, the debt collector left messages with third-parties. That is, they requested that the third party ask the debtor to return the call, or they left a message for the plaintiff on the third party's voicemail. To properly analyze these contacts, it is useful to treat the portion of the contact allegedly seeking location information separately from the portion that was a message left for the plaintiff. Thus, we will treat the two separately although defendant may have, in the same telephone call, sought both location information and asked to leave a message for the plaintiff.

**I. Messages with Third Parties**

First, plaintiff moves for summary judgment alleging that defendant violated the FDCPA by leaving messages with third parties for her. Defendant asserts that these contacts fall within an exception to the FDCPA's prohibition of contacting third parties, which allows a debt collector to contact third parties for the purpose of acquiring location information about the consumer. 15 U.S.C. § 1692b. Plaintiff's position is that these calls went beyond inquiring about location information. Specifically, the defendant requested that the third parties ask the plaintiff to call them back. Thus, the telephone contacts went further than permitted by the statute. After a careful review, we agree with the defendant.

As noted above, the FDCPA provides that "[e]xcept as provided in section 1692b of this title [relating to obtaining location information] . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer[.]" 15 U.S.C. § 1692c(b). The key word in this passage with regard to leaving messages

is "communicate." The issue becomes whether leaving a message with a third-party is a communication in connection with a debt under the FDCPA.

In support of her position that defendant did in fact violate the FDCPA by leaving messages with third parties, plaintiff cites to a case from the United States District Court for the Middle District of Florida, Belin v. Litton Loan Servicing, LP, 8:06cv760-T-24, 2006 WL 1992410 (M.D. Fla. Jul. 14, 2006). In Belin, the court examined telephone calls that a debt collector made to a third party, that is, the consumer's mother. The complaint alleged that the debt collector called the debtor's mother and demanded that she have him call back. Id. at *5. The debt collector in Belin argued that a telephonic conversation with someone answering the phone is not a "communication" under the FDCPA where the debt collector merely asks to speak with the debtor. Id. The court examined two cases that the debt collector cited in support of its position, Padillo v. Payco General American Credits, Inc., 161 F. Supp. 2d 264 (S.D. N.Y. 2001) and Horkey v. J.V.D.B. & Associates, Inc., 179 F. Supp. 861 (N.D. Ill. 2002). An examination of these cases follows.

One of the issues in Padillo was whether a debt collector violated the FDCPA by telephoning the consumer's place of employment and speaking with the receptionist. Padillo, 161 F. Supp. 2d at 274. The court found that no violation occurred because the debt collector did not improperly communicate with the receptionist in connection with the collection of the debt. Id. It merely asked to be connected to the consumer and asked for a verification of the consumer's employment. Id.

The second case that the Belin court discussed on this issue and upon which the instant defendant relies is Horkey v. J.V.D.B. & Associates,

Inc., 179 F. Supp. 861 (N.D. Ill. 2002).  This case, in pertinent part, dealt with the debt collector telephoning the consumer at her place of employment.  Id. at 867.  A co-worker of the consumer answered the phone when the consumer was out of her office.  The issue was whether the debt collector inappropriately communicated with a third party when it talked to the co-worker.  Id.  The court examined the words spoken by the debt collector to the coworker.  First, the debt collector asked for the consumer.  The coworker indicated that the consumer was not available.  The debt collector responded profanely and hung up.  Id.  The debt collector did not discuss the consumer's debt with the coworker.  Thus, no violation of the FDCPA occurred.  Id. at 868.

The Belin court distinguished these case because in its case, the debt collector asked the third party to have the consumer return its call or take a message.  Belin, 2006 WL 1992410 at *5.  Neither Padillo nor Horkey indicated that such a message was left in their cases.  Belin also discusses several cases where the debt collector left a voicemail message asking the debtor to call them back.  Courts found these messages were "communications" under the act.  Belin thus held that messages left with third parties were also communications under the act "since courts have found that messages left on answering machines that did not directly convey information about a debt were still communications under the FDCPA, because they conveyed information about a debt indirectly, since the purpose of the message is to get the debtor to return the call to discuss the debt." Id. at *4. An examination of the cases Belin relies upon, however, indicates that those courts closely reviewed the language of the message that was left, and did not suggest a blanket rule that whenever a

debtor is asked to call back it is a "communication" under the FDCPA.

Belin cites to Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 (S.D.N.Y. 2006), where the court found that the following prerecorded message left for the consumer was a "communication": "Good day, we are calling from NCO Financial Systems regarding a personal business matter that requires your immediate attention. Please call back 1-866-701-1275 once again please call back, toll-free, 1-866-701-1275, this is not a solicitation." Id. at 648. In Foti, the message was evidently left on the consumer's voicemail. Id.

The court explained:

> Defendant's voicemail message, while devoid of any specific information about any particular debt, clearly provided some information, even if indirectly, to the intended recipient of the message. Specifically, the message advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter. Given that the obvious purpose of the message was to provide the debtor with enough information to entice a return call, it is difficult to imagine how the voicemail message is not a communication under the FDCPA.

Id. at 655-56.

Thus, the court looked at the words used in the contact, that is, the debt collector identified itself, indicated it was telephoning regarding a matter that required immediate attention and provided call back information.

Belin also cites to Hosseinzadeh v. M.R.S. Associates, Inc., 387 F.Supp. 2d 1104 (C.D. Cal. 2005) which analyzed the following message left on an answering machine: "This message is for Ashraf. Ashraf my name is Clarence Davis. I have some very important information to discuss with you in reference to a file that has been forwarded to my office

10

that involves you personally. Contact my office right away at 877-647-5945, extension 3618. Failure to return my call will result in a decision making process that you will not be a part of." Id. at 1108. And another message that stated as follows: "Hello! This is Thomas Hunt calling. Please have an adult contact me regarding some rather important information. This is not a sales call, however, regulations prevent me from leaving more details. You will want to contact me at 1-877-647-5945 as soon as possible. This is a toll free number. Once agin this is Thomas Hunt calling and my number is 1-877-647-5945." Id.

The court found that these messages were "communications" under the FDCPA, and it explained as follows:

> The Court concludes that the messages left by defendant on plaintiff's answering machine constitute "communications." The messages at issue appear to fall within § 1692a(2)'s definition of "communication." . . . While the messages may not technically mention specific information about a debt or the nature of the call, § 1692a(2) applies to information conveyed "directly or indirectly." Defendant conveyed information to plaintiff, including the fact that there was an important matter that she should attend to and instructions on how to do so. Defendant further admits that the calls were merely the first step in a process designed to communicate with plaintiff about her alleged debt.

Id. at 1116.

Thus, like the Foti case, the Hosseinzadeh court examined the substance of the message. The debt collector in the message indicated that it telephoned regarding an important matter and it instructed the plaintiff in the manner to respond.

Based upon these cases, the Belin court held that messages left with the consumer's mother are "communications" under the act. Belin, 2006 WL 1992410 at *4. Plaintiff in this case relies on Belin as a case with very

11

similar facts. Plaintiff argues that simply because messages were left with third parties then defendant violated the FDCPA. We are not convinced that the issue is as simple as that. As in Foti and Hosseinzadeh, we must examine the content of the messages before determining whether they are communications under the act.

For example, defendant relies on Biggs v. Credit Collections, Inc., No. CIV-07-0053-F, 2007 WL 4034997 (W.D. Okla. Nov. 15, 2007). This case discussed, in part, a number of voicemail messages left for a consumer by a debt collector. Id. at *4. The court focused on whether the messages constituted "communications" under the statute. Id. The statute defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Id. (quoting 15 U.S.C. § 1692a(2)). The court noted that a voicemail message could indeed be a "communication" but to determine if it is, **the content of the message must be examined**. As the court explained: "Words matter-in this instance, the words of the voicemails and the words of the statutory definition of a 'communication.'" Id. The court concluded that the transcripts of the voicemails demonstrated that they conveyed no information regarding a debt. Id. With regard to the definition of "communication" provided in the FDCPA, the court noted: "In this respect, the statutory language is oddly narrow. The statutory definition does not include messages or communications that do not impart (or are not at least intended to impart) information about a debt. The voicemails at issue here would have been encompassed by a definition that included 'a communication in furtherance of any attempt to collect a debt.'" Id. at n.4.

Even the cases cited by the case that plaintiff relies upon examined

12

the exact language used in the message, to determine if it is reasonable to find that the debt collector communicated as that term is defined in the FDCPA by leaving a message. We will do the same.

Here, the defendant asked for the plaintiff and if the person they were talking to would give her the message to call them back. We find that this contact is therefore like the cases of <u>Biggs</u>, <u>Padillo</u> and <u>Horkey</u>. The message conveyed no information whatsoever about the debt. Thus, these portions of the contacts with the third parties were not communications under the FDCPA. We conclude that plaintiff's motion for summary judgment with regard to defendant leaving messages for the plaintiff should be denied.

## II. Multiple telephone calls

Now, we turn our attention to the remainder of defendant's contacts with the third parties. At this point, it bears repeating that the law provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer . . ." 15 U.S.C. § 1692(c). Here, the defendant did contact third parties. Defendant asserts that the telephone calls at issue were not a violation of the FDCPA because the FDCPA allows for contact with third parties if the debt collector is attempting to obtain location information on the debtor. The plaintiff argues that the defendant is only permitted to make one call per third party, and here they made multiple calls. Accordingly, the statute is violated. After a careful review, we find the existence of genuine issues of material fact, and will deny plaintiff's motion for summary judgment.

As noted, defendant asserts that it contacted these third parties properly under the section of the FDCPA which allows for contact with third

parties to obtain "location information." The FDCPA defines "location information" as "a consumer's place of abode, his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7). Acquiring "location information" under the FDCPA from third-parties is permitted, but the debt collector must:

> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
> (2) not state that such consumer owes any debt;
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information[.]

15b U.S.C. § 1692b.

Defendant argues that it was attempting to contact plaintiff or her son regarding the debt, but received no response to the telephone calls it made or the messages it left. Defendant argues that it believed that it needed more information, thus it contacted plaintiff's daughter and her neighbors, which is permitted by law. Plaintiff argues that regardless of whether defendant sought location information, it violated the FDCPA by contacting third parties more than once.

The FDCPA provides that a debt collector communicating with any person, other than the consumer, to obtain location information shall not, *inter alia*, "communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." 15 U.S.C. § 1692b.

Here, the defendant made multiple calls to the defendant's neighbor

14

and sister. Plaintiff asserts that the defendant had no reason to believe that the earlier information provided by the neighbor or daughter was incorrect or incomplete. Thus, the additional calls to these third parties is not permitted under the FDCPA. We will discuss defendant's contact with plaintiff's daughter and neighbor separately.

### A. Plaintiff's daughter

Beginning in early 2012, defendant contacted plaintiff's daughter after having had no contact with plaintiff or her son in some time. (Def. SOF ¶¶ 17-18). They contacted her on January 6, 2012 and then on February 20, 2012 through June 27, 2012, defendant left several messages on plaintiff's daughter's voicemail. (Id. ¶ 26). The issue is whether the FDCPA allows these subsequent calls.

In support of its position, defendant cites to its "Collection Comment List" which provides a log of the calls it made to the plaintiff and to the plaintiff's daughter during this time frame. It can be inferred from this list, according to the defendant, that it could not contact plaintiff and therefore questioned its location information regarding her. To update this information, defendant telephoned plaintiff's daughter. (See Def. Ex. M). Plaintiff denies that the calls were merely to acquire location information.[5] Thus, we cannot conclude from the evidence the parties submitted that

---

[5]Plaintiff asserts that defendant's "designee speculated that its employee left a message that Plaintiff's daughter would relay to Plaintiff." (Doc. 30, Pl.'s response to defendant's statement of facts, ¶¶ 18-19). In support of this position, plaintiff cites to page 151 through 153 of defendant's designee's deposition. Plaintiff has not, however, provided the court with these pages of the deposition to review. Regardless, the fact that the defendant's designess so "speculated" would not provide proof that defendant violated the FDCPA.

15

there is no question of fact as to why these calls were made. Defendant may be correct in that they were made merely to seek location information. Plaintiff may be correct in indicating that they were not meant to seek location information. Accordingly, a question of material fact exits and summary judgment on this issue is inappropriate.

**B. Plaintiff's neighbor**

A similar conclusion results from an analysis of the telephone calls made to plaintiff's neighbor, Robert Heim. From June 28, 2012 through August 24, 2012, neither plaintiff nor her son had any contact with the defendant, they did not return any of defendant's calls and did not initiate any of their own calls to defendant. (Id. ¶ 29). On August 24, 2012 defendant began a series of calls to plaintiff's neighbor, Robert Heim. (Id. ¶ 34). On October 24, 2012 and October 30, 2012, defendant left voicemail messages on Heim's landline. (Id. ¶ 41). On October 31, 2012, defendant spoke with Heim regarding plaintiff's location. (Id. ¶ 42). He informed defendant that plaintiff's son had moved to California. (Id. ¶ 43). The plaintiff had previously provided defendant with permission to speak with her son regarding the debt. (Id. ¶ 14). The record does not indicate whether Heim provided information on plaintiff's location.

We are left with plaintiff's assertion that improper multiple phone calls were placed to Heim. Defendant does not dispute making the calls. It does dispute, however, that they were improper. Rather, it argues that these multiple calls were appropriate because it was seeking location information. The evidence submitted by the parties, however, is not definitive. As such, a question of fact remains whether the calls were appropriate in that they sought location information and summary judgment

16

is inappropriate.

**III. Leaving a message without indicating the defendant was a debt collector**

The final issue plaintiff moves for summary judgment on is whether the defendant should be liable under the FDCPA for not identifying itself as a debt collector when it left a message with Heim. Plaintiff argues that such identification is required under the statute. Defendant, on the other hand, argues that providing such information to a third party is prohibited by the act. After a careful review, we agree with the defendant.

The FDCPA requires that when a debt collector communicates with a consumer, it must reveal that it is in fact a debt collector. 15 U.S.C. § 1692e(11). Plaintiff argues that during one of the phone calls to Heim, defendant asked Heim to give a message to plaintiff. Defendant did not, however, reveal that it was a debt collector. Thus, plaintiff argues that defendant violated 15 U.S.C. § 1692e(11).

As we noted above, we find that leaving the message with Heim was not a "communication" with a consumer under the act. Thus, defendant is not in violation of section 1692e(11) for not revealing it was a debt collector during the call. Moreover, to require that the defendant reveal that it is a debt collector in such a situation would cause a conflict between two sections of the FDCPA. Section 1692e(11) requires that the debt collector identify itself as a debt collector, however, section 1692b prohibits the debt collector from revealing that a communication is in relation to a collection of a debt when a debt collector communicates with a third party.

**Conclusion**

For the reasons set forth above, we will deny plaintiff's motion for

partial summary judgment. We find as a matter of law that defendant did not violate the FDCPA in leaving messages with third-parties. We further find that questions of fact exist with regard to whether defendant violated the FDCPA in contacting third-parties multiple times or if indeed defendant properly sought location information as permitted by the act. Accordingly, plaintiff's motion for partial summary judgment will be denied. An appropriate order follows.

October 21, 2013                    s/ James M. Munley
                                    Judge James M. Munley
                                    UNITED STATES DISTRICT COURT