# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Patricia Evankavitch,<br>  Plaintiff<br>v.<br>Green Tree Servicing, LLC,<br>  Defendant | Docket 3:12-cv-02564-JMM<br>(JUDGE JAMES M. MUNLEY)<br><br>FILED ELECTRONICALLY |

## PLAINTIFF'S PRETRIAL MEMORANDUM

### A. Factual Issues

Three factual issues remain for trial: (1) whether the sole purpose of Defendant's communications with third parties was to obtain information regarding the *Plaintiff's* location, (2) whether, when placing subsequent calls to third parties, Defendant had a reasonable belief that the earlier information it had obtained was incorrect or incomplete *and* that those third parties now had complete or correct information, and (3) the amount of damages.

1. *Was the sole purpose of Defendant's communications with third parties to obtain information regarding the Plaintiff's location?* **No.**

Defendant's communications with the Plaintiff's neighbors and daughter improperly sought information regarding Plaintiff's **son**. These contacts went beyond the limited scope permitted by the statute, which allows communications that seek only location information regarding the Plaintiff herself. 15 U.S.C. § 1692c(b) prohibits communications with third parties except as provided in § 1692b. Section 1692b is titled "Acquisition of location information" and

describes limitations on communications that are "for the purpose of acquiring location information *about the consumer* . . . ." § 1692b (emphasis added). Thus, the text of § 1692b expressly limits the exception so that only those communications that solely seek information regarding the *consumer's* location are permitted. The term "consumer" only applies to persons that are allegedly obligated to pay the debt. § 1692a(3). Here, there is no dispute that Plaintiff's son was not obligated on the account. Thus, he is not a consumer and § 1692b does not permit contacts regarding his location.

Additionally, the term "location information" is defined by the statute. It is "a *consumer's* place of abode and his telephone number at such place, or his place of employment." § 1692a(7)(emphasis added).

Therefore, in two ways the statute confirms that calls for "location information" are permitted only to try to locate a person that is obligated on the account. Defendant called the third parties to attempt to obtain information regarding Plaintiff's son's location. These calls violated the Act.

   2.  *Did Defendant have a reasonable belief that the earlier location information it obtained was incorrect or incomplete and that the third parties now had new information?* **No.**

Here, the jury will have to determine whether Defendant proves that its "belief" that it needed location information was objectively reasonable. The debt collector is permitted to place more than one call to a third party only if it

2

"reasonably believes that the earlier response of [the] person is erroneous or incomplete."[1] § 1692b(3). Plaintiff believes that the jury will not accept Defendant's explanations that its belief was "reasonable".

Similarly, even if Defendant did have a reasonable belief that the earlier information was inaccurate or incomplete, subsequent calls were *still* prohibited unless Defendant also reasonably believed that the third party then had correct and complete location information. Again, Plaintiff does not expect the jury to credit Defendant's explanations as to why it believed that the third party then had different information.

3. *Damages*

A plaintiff that prevails in an FDCPA action is entitled to recover actual damages and statutory damages of no more than $1,000.00. 15 U.S.C. § 1692k(a).[2] Here, Plaintiff will testify that she suffered garden variety emotional distress. Humiliation and mental distress can be established through Plaintiff's own testimony. *Williams v. Trans World Airlines, Inc.*, 660 F.2d 1267, 1273 (8th Cir. 1981).

---

[1] The statute also permits a second call if the called party requests it. Here, there would be no evidence to support such a claim.

[2] Plaintiff can also recover her reasonable costs and attorney's fees, but the amount of these fees and costs is a matter for the Court, not the jury.

3

## B. Legal Issues

The sole unresolved legal issue relates to the burden of proof on the above factual disputes. Defendant bears the burden on each of these issues because they are all exceptions to the Act's general rule prohibiting calls to third parties. The burden of proving an exception to the general prohibition of a statute is on the party asserting the exception. *Thomas v. George, Hartz, Lundeen, Fulmer*, 525 F.3d 1107, 1110 (11th Cir. 2008)(citing *Fed. Trade Comm'n v. Morton Salt Co.*, 334 U.S. 37, 44-45 (1948)); *see also Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 91 (2008)(finding exemptions in the Age Discrimination in Employment Act to be affirmative defenses and citing *Morton*).

This rule should have even greater applicability here in light of the Act's remedial purpose. The FDCPA is a remedial statute and its language is construed broadly to effect its purposes. *Allen ex Rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 367 (3d Cir. 2011). Exceptions to remedial statutes are strictly construed to provide the desired remedy. *Nationwide Mut. Ins. Co. v. Cosenza*, 258 F.3d 197, 208 (3d Cir. 2001).

Here, communications with third parties are generally prohibited, "except as provided in § 1692b, . . ." 15 U.S.C. § 1692c. Thus, Defendant should bear the burden to demonstrate that the *sole* purpose of every communication with third parties was to obtain location information.

Alternatively, if the Court concludes that Plaintiff generally bears the burden of proving Defendant's noncompliance with § 1692b, at a minimum Defendant should bear the burden with respect to the *second* exception that is relevant here – namely, Defendant's "reasonable belief" as used in the specific exception contained § 1692b(3). The Defendant's "reasonable belief" that further communications are warranted is an exception to the rule at the beginning of § 1692b(3) which generally prohibits more than one call.

Also, Defendant is the party with information about its beliefs, and should bear the burden of proving them. *See e.g. Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 96 (2000) ("where fairness so requires, burden of proof of a particular fact may be assigned to 'party who presumably has peculiar means of knowledge' of the fact")(quoting 9 J. Wigmore, Evidence § 2486 (J. Chadbourn ed., rev. ed.1981)).

Thus, as each of the remaining factual issues relates to Defendant's affirmative defenses, it should bear the burden of proof.

    Respectfully Submitted,

    s/ Carlo Sabatini
    Carlo Sabatini, Bar ID PA 83831
    Attorney for Plaintiff
    216 N. Blakely St.
    Dunmore, PA 18512
    Phone (570) 341-9000
    Facsimile (570) 504-2769
    Email: ecf@bankruptcypa.com