IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Patricia Evankavitch,<br>    Plaintiff<br><br>v.<br><br>Green Tree Servicing, LLC,<br>    Defendant | Docket 3:12-cv-02564-JMM<br><br>(JUDGE JAMES M. MUNLEY)<br><br><br><br>FILED ELECTRONICALLY |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Plaintiff believes that the Third Circuit's Model General Instructions for Civil Cases are appropriate except that 1.11 (clear and convincing evidence) is inapplicable and 1.10 (preponderance of the evidence) should be replaced with the proposed instruction below. Model instruction 1.10 could lead the jury to believe that there are material facts on which Plaintiff bears the burden of proof. As explained in Plaintiff's trial memorandum, Plaintiff believes that the only remaining issues are affirmative defenses on which Defendant bears the burden.

Plaintiff also requests that the following instructions be read to the jury.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NUMBER 1

(Nature of the Action and Legal Definitions)

Plaintiff brings this action against Defendant based on 15 U.S.C. § 1692, et seq., commonly known as the Fair Debt Collection Practices Act, which for convenience, I will refer to as the "Act."

1

The Act originally enacted by Congress became effective on March 20, 1978, and was again amended and broadened in 1986 and amended several times since. In passing this Act, Congress stated its purpose was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection practices." To this end, the Act expressly prohibits debt collectors from engaging in numerous specific acts or practices.

The Act defines "consumer" as any person obligated or allegedly obligated to pay any debt. Plaintiff is a "consumer" within the meaning of the Act. Plaintiff's son is not a "consumer" within the meaning of the Act. The Act defines "location information" as a consumer's place of abode and his telephone number at such place, or his place of employment.

15 U.S.C. § 1692a.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NUMBER 2
(Obligation to Pay the Debt Does Not Affect Liability Under The FDCPA)

The fact that the Plaintiff owes the debt that Defendant was attempting to collect is not a factor in this proceeding. A basic tenet of the Act is that all

consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner.[1] Defendant must still comply with the Fair Debt Collection Practices Act. Therefore, you may not consider that the Plaintiff owes the debt when determining whether Defendant violated the Act.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NUMBER 3

(Acquisition of Location Information)

Among other things, a debt collector who communicates with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with that person more than once unless the debt collector reasonably believes that the earlier response of the person is erroneous or incomplete. Additionally, the debt collector must also reasonably believe that the person now has correct or complete location information.

15 U.S.C. § 1692b.

---

[1] *F.T.C. v. Check Investors*, 502 F.3d 159, 165 (3d Cir. 2007).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NUMBER 4

(Plaintiff's Contentions)

Plaintiff contends that Defendant violated the Act by contacting third parties multiple times in violation of 15 U.S.C. § 1692c(b) for the following reasons:

First, Plaintiff contends that Defendant communicated with Plaintiff's neighbor and daughter multiple times without having a reasonable belief that their earlier responses were erroneous or incomplete and that they now had correct or complete location information.

Apart from the first call to any third party, it is a violation of the Act if you find that Defendant placed a call without having a reasonable belief that the third party's earlier response was erroneous or incomplete; and without also having a reasonable belief that the third party now had correct or complete location information.

Second, Plaintiff contends that Defendant's communications with Plaintiff's neighbor and daughter were not solely attempts to acquire location information, because Defendant also sought information about Plaintiff's son, who is not a consumer.

It is a violation of the Act if you find that Defendant's communications with either of these parties were also an effort to obtain information about Plaintiff's son, who is not a consumer.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NUMBER 5
(Burden of Proof)

This is a civil case. Ms. Evankavitch is the party who brought this lawsuit. Green Tree is the party against which the lawsuit was filed.

On the issues that are relevant in this case, called affirmative defenses, Green Tree has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that Green Tree has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

Based on Third Circuit Model Jury Instruction, but modified to account for absence of any issues on which Plaintiff bears the burden.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NUMBER 6

(Actual Damages)

I turn now to the law of damages applicable to this case if you reach that phase.

The Act specifically permits damages to be awarded against a debt collector who violates the Act.

First, actual damages may be awarded to the Plaintiff as a result of the failure of Defendant to comply with the Act. Actual damages not only include any out-of-pocket expenses but also damages for personal humiliation, embarrassment, mental anguish, and emotional distress.

Plaintiff has alleged that she suffered "garden variety" emotional distress. You may award damages for humiliation or mental distress based on the plaintiff's testimony alone.[2] The damage award may be based on testimony describing an alleged injury in vague or conclusory terms.[3] It is not necessary for the plaintiff to have described the severity or consequences of the injury.[4] Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate.[5] You can award emotional distress damages even if extraordinary circumstances are not present.[6]

---

[2] *Williams v. Trans World Airlines, Inc.*, 660 F.2d 1267, 1273 (8th Cir. 1981); *Thorsen v. County of Nassau*, 722 F.Supp.2d 277, 292 (E.D.N.Y. 2010).
[3] *Thorsen v. County of Nassau*, 722 F.Supp.2d 277, 292 (E.D.N.Y. 2010).
[4] *Id.*
[5] *McCollough v. Johnson, Rodenburg & Lauinger, L.L.C.*, 637 F.3d 939, 957 (9th Cir. 2011).
[6] *Thorsen v. County of Nassau*, 722 F.Supp.2d 277, 292 (E.D.N.Y. 2010).

There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish and emotional distress.[7] The law does require, however, that when making an award for mental and emotional suffering and distress you should exercise calm and reasonable judgment. The compensation must be just and reasonable.[8]

PLAINTIFF'S PROPOSED JURY INSTRUCTION NUMBER 7

(Statutory Damages)

In addition to actual damages, and regardless of whether actual damages are awarded, you may also award "statutory damages" if you find that the Defendant violated the law.[9] Statutory damages are a penalty against the Defendant, designed to deter future violations of the law.[10] Statutory damages may be awarded even if the Plaintiff was not injured by Defendant's actions.[11] In determining the amount of statutory damages to be awarded, whether $1.00 or up to and including

---

[7] *McCollough v. Johnson, Rodenburg & Lauinger, L.L.C.*, 637 F.3d 939, 957 (9th Cir. 2011).
[8] *Id.*
[9] 15 U.S.C. § 1692k(a)(2)(A)
[10] *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 185-86 (S.D. Tex. 2007) *aff'd,* 269 F. App'x 523 (5th Cir. 2008)(Truth in Lending case)(quoting *Dryden v. Lou Budke's Arrow Finance Co.,* 630 F.2d 641, 647 (8th Cir.1980)).
[11] *Crabill v. Trans Union, L.L.C.,* 259 F.3d 662, 666 (7th Cir.2001)("Statutory damages under the FDCPA are intended to "deter violations by imposing a cost on the defendant even if his misconduct imposed no cost on the plaintiff.")

$1,000.00, the Act provides that you shall consider: the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the extent to which noncompliance was intentional,[12] and any lack of concern that the Defendant has demonstrated over the misconduct.[13]

PLAINTIFF'S PROPOSED JURY INSTRUCTION NUMBER 8

(Verdict Return After Deliberations--Verdict Summary Sheets)

A verdict summary sheet has been prepared for your convenience to record your unanimous verdicts. You will take this form to the jury room, and after reaching unanimous agreement on the verdicts to be rendered and the amount, if any, of damages to be awarded with respect to Plaintiff's claim, you will have your foreperson complete the answers to the questions posed on the form in the manner thereon indicated.

After you have completely filled in the answers to the questions in the manner indicated on the verdict sheet, you will return with it to the courtroom for delivery to the Clerk.

---

[12] 15 U.S.C. §§ 1692k(a)(2)(A) and 1692k(b)(1)
[13] *Crossley v. Lieberman*, 868 F.2d 566, 572 (3d Cir. 1989)(upholding an assessment of statutory damages that had considered the defendant's "strategy since the onset of the lawsuit to illustrate the lack of concern over the misconduct.")

s/ Carlo Sabatini

Carlo Sabatini, Bar ID PA 83831  
Attorney for Plaintiff  
216 N. Blakely St.  
Dunmore, PA 18512  
Phone (570) 341-9000  
Facsimile (570) 504-2769  
Email: ecf@bankruptcypa.com