**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| _____ | : | |
| PATRICIA EVANKAVITCH | : | |
| | : | Civil Action No. 3:12-cv-02564-JMM |
| Plaintiff, | : | |
| v. | : | |
| | : | (Hon. James M. Munley) |
| GREEN TREE SERVICING, LLC, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**BRIEF IN OPPOSITION TO PLAINTIFF'S PETITION FOR AN AWARD
OF ATTORNEY'S FEES PURSUANT TO 15 U.S.C. § 1692K**

/s/ *Barbara K. Hager*_____
 Barbara K. Hager, Esquire, Id. No. 88832
 Lauren A. Abbott, Esquire, Id. No. 203016
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
bhager@reedsmith.com
labbott@reedsmith.com
*Attorneys for Defendant*
*Green Tree Servicing, LLC*

# TABLE OF CONTENTS

**Page**

I.    COUNTER-STATEMENT OF CASE HISTORY ........................................1

II.    COUNTER-STATEMENT OF FACTS.....................................................2

III.    COUNTER-STATEMENT OF QUESTIONS INVOLVED ........................3

IV.    ARGUMENT.........................................................................................3

    A.    Relevant Authority ...............................................................3

    B.    Plaintiff Improperly Seeks Fees For Non-Compensable Time.............6

        1.    Fees Unrelated to Plaintiff's FDCPA Claim Are Not Compensable Under 15 U.S.C. § 1692k.....................................6

        2.    Numerous Administrative, Redundant and Insufficiently Specific Tasks Itemized in the Fee Statement Are Non-compensable..............................................................................7

        3.    Plaintiff's Summary Judgment Motion Was Not Successful, Necessary, or Otherwise Useful And Fees Should Be Stricken. ...............................................................10

    C.    Plaintiff's Results Obtained Warrant a Downward Adjustment of the Disproportionately High Fees Requested. ...............................14

V.    CONCLUSION.......................................................................................16

# TABLE OF CITATIONS

## Cases

Bell v. United Princeton Properties,
  884 F.2d 713 (3d Cir. 1989) ................................................................6

Doering v. Union County Bd. of Chosen Freeholders,
  857 F.2d 191 (3d Cir. 1988) ................................................................4

Graziano v. Walkeron,
  950 F.2d 107 (3d Cir. 1991) ................................................................4

Hensley v. Eckerhart,
  461 U.S. 434 (1983) ................................................................. 4, 5, 14

Jackson v. National Credit Adjusters, LLC, et al.,
  No. 08-0480 (Caputo, J.), 2009 WL 367408 (M.D. Pa. Feb. 13, 2009) ...............7

Johnson v. Georgia Highway Express, Inc.,
  488 F.2d 714 (5th Cir. 1974) ................................................................5

Lohman v. Borough,
  No. 05-1423, 2008 WL 2951070 (M.D. Pa. July 30, 2008)..................... 6, 10, 16

Overly v. Global Credit & Collection Corp., Inc.,
  No. 10-2392, 2011 WL 2651807 (M.D. Pa. July 6, 2011)................................3, 4

Planned Parenthood of Central New Jersey v. The Attorney General of N.J., et al.,
  297 F.3d 253 (3d Cir. 2002) ..................................................... 5, 12, 13, 14

Public Interest Research Group of New Jersey, Inc. v. Windall,
  51 F.3d 1179 (3d Cir. 1995) ..................................................... 4, 5, 10

Washington v. Philadelphia County Ct. of Common Pleas,
  89 F.3d 1031 (3d Cir. 1996) ................................................................4

Zavodnick v. Gordon & Weisberg,
No. 10-2175, 2012 WL 2036493, *6 (E.D.Pa. June 6, 2012)…………………………...7

## Statutes

15 U.S.C. § 1692(a) ................................................................16

15 U.S.C. § 1692a(2) ................................................................15

15 U.S.C. § 1692b................................................................ 3, 15

15 U.S.C. § 1692c(b) ................................................................15

15 U.S.C. § 1692k................................................................1

15 U.S.C. § 1692k(a)(3)................................................................3

**BRIEF IN OPPOSITION TO PLAINTIFF'S PETITION FOR AN AWARD
OF ATTORNEY'S FEES PURSUANT TO 15 U.S.C. § 1692K**

Defendant Green Tree Servicing, LLC ("Green Tree" or "Defendant") hereby responds in opposition to Plaintiff's Petition for an Award of Attorney's Fees and Costs Pursuant to 15 U.S.C. § 1692k ("Fee Petition") (Doc. 81), in which Plaintiff seeks, *inter alia*, attorneys' fees in the ("discounted") amount of $82,309.32 – more than eighty two (82) times the amount of Plaintiff's ultimate result obtained – namely, a statutory damages award of $1,000.00, and no actual damages. For the following reasons, certain fees requested in the Fee Petition should be stricken and/or denied, and the resulting lodestar should be further reduced in light of the marginal results obtained by Plaintiff.

## I.   COUNTER-STATEMENT OF CASE HISTORY[1]

On or around December 3, 2012, Defendant Green Tree was served with a package of documents, which included not only a copy of Plaintiff's three-page Complaint,[2] but also included a fully developed set of (presumably routine) proposed settlement documents, by which Green Tree might pay $3,950 as a

---

[1] Although Plaintiff's Brief in Support of the Fee Petition ("Fee Petition Brief") (Doc. No. 82) does not include Statements of Case History and Facts per Local Rule 7.1, Defendant responds herein by counter-statements to the substance contained in Plaintiff's "Introduction and Procedural History."

[2] Page 2 of the Complaint was missing from the original packet served but was later obtained by defense counsel.

settlement to avoid litigating the Complaint allegations ("Settlement Package").  A true and correct copy of the Settlement Package (with page 2 of the Complaint added) is attached hereto as **Exhibit A**.  Because Green Tree does not believe that it violated the FDCPA per the Complaint allegations, Green Tree declined to submit to the coercive settlement tactic, and removed to this Court.  Following discovery, Plaintiff filed an unsuccessful Motion for Summary Judgment ("Motion" or "MSJ") (Doc. 22) and supporting briefs (Docs. 23, 31).  On October 21, 2013, the Court denied the Motion in full.  See Memorandum Opinion ("MSJ Opinion") (Doc. No. 32).  Plaintiff's sole remaining claim based on follow up calls to third parties was tried on December 11-12, 2013, and a verdict as to liability was rendered in favor of Plaintiff.  No actual damages were proved or awarded, but the Court awarded a statutory $1,000 damages award.  Plaintiff thereafter filed the instant Fee Petition requesting a total award of $87,091.29, comprised of $82,309.32 in attorneys' fees and $4,781.97 in costs.

## II.   COUNTER-STATEMENT OF FACTS

On June 15, 2005, Plaintiff executed a mortgage securing a loan in the amount of $43,000.00.  When Plaintiff had failed at least four times to make the required monthly payments, Green Tree made numerous attempts to contact Plaintiff and her son, whom she had designated as an authorized third party for the account. Having received no response from Plaintiff or her son, Green Tree

initiated more than one call to Plaintiff's neighbor and daughter, and the jury found that one or more follow up calls did not permissibly fall within the safe harbor of the FDCPA, which permitted Green Tree to call third parties more than once if it reasonably believed that the earlier location information response was erroneous or incomplete, and that the third party would then have correct or complete location information.  See 15 U.S.C. § 1692b.

## III.   COUNTER-STATEMENT OF QUESTIONS INVOLVED

*Question Involved*:     Should the Court strike certain non-recoverable fees requested by Plaintiff for administrative and other unnecessary, unsuccessful and unuseful tasks, and otherwise exercise its discretion to reduce the fees requested in light of the limited success and results obtained by her claims?

*Suggested Answer*:     Yes.

## IV.   ARGUMENT

### A.   Relevant Authority

The FDCPA allows a prevailing plaintiff "the costs of the action, together with a reasonable attorney's fee as determined by the Court." 15 U.S.C. § 1692k(a)(3).  "[I]n assessing such fee requests we must remain mindful of the fact that '[g]iven the structure of [15 U.S.C. § 1692k], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.'" Overly v. Global Credit

& Collection Corp., Inc., 2011 WL 2651807, at *4 (M.D. Pa. July 6, 2011),

quoting Graziano v. Walkeron, 950 F.2d 107, 113 (3d Cir. 1991).   However,

counsel bear the burden of proving, through satisfactory evidence the

reasonableness of their requested amount.   Washington v. Philadelphia County Ct.

of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).

     In assessing the reasonableness of a requested fee award, "[t]he starting

point for a determination of attorney's fees, the lodestar calculation, is the product

of [1] the number of hours reasonably expended ... [2] times an hourly fee based on

the prevailing market rate."  Overly, quoting Doering v. Union County Bd. of

Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988).   However, "the

determination of the lodestar does not end the district court's inquiry."   Public

Interest Research Group of New Jersey, Inc. v. Windall, 51 F.3d 1179, 1185 (3d

Cir. 1995) ("Windall"), citing Hensley v. Eckerhart, 461 U.S. 424, 34 (1983).  As

stated by the Court of Appeals for the Third Circuit:

> The next step in the lodestar calculation is determination of the time
> reasonably expended in conducting the litigation. A plaintiff
> requesting attorney fees must provide evidence supporting the time
> claimed. The district court should review the time charged, decide
> whether the hours set out were reasonably expended for each of the
> particular purposes described and then exclude those that are
> "excessive, redundant, or otherwise unnecessary."

Windall, 51 F.3d at 1188, citing Hensley, 461 U.S. at 433-34 (other citations

omitted).  "After a district court determines the lodestar, its discretion comes into

play and it can adjust the fee for a variety of reasons. The most important factor in exercising this discretion is the 'results obtained' by the plaintiff." Id. (emphasis added). While a number of the following factors are subsumed in the lodestar calculation, the additional reasonableness factors commonly considered are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of alternative employment; (5) the customary fee for similar work; (6) the nature of the fee payment arrangement; (7) time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the attorney-client relationship; and (12) fee awards in similar cases. Id.

Id. at 1185 n.8, citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974); also citing Hensley, 461 U.S. at 434 n.9.

A "reasonable" fee award is one that is "adequate to attract competent counsel, but which does not produce a windfall to attorneys." Windall, 51 F.3d at 1185. "For work to be included in the calculation of reasonable attorneys' fees, the work must be "'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation." Planned Parenthood of Central New Jersey v. The Attorney General of N.J., et al., 297 F.3d 253, 266 (3d Cir. 2002) (emphasis added). Moreover, "[h]ours that would not generally be billed to one's own client are not properly billed to an adversary." Windall, 51 F.3d at 1188. It is "the duty of the party seeking fees to exclude such hours from its initial calculation of the

total hours expended." <u>Id.</u>, n.13.  The district court ultimately "retains a great deal of discretion in deciding what a reasonable fee award is." <u>Bell v. United Princeton Properties</u>, 884 F.2d 713, 721 (3d Cir. 1989).  In light of the foregoing authorities and additional reasons set forth below, Green Tree respectfully requests that Plaintiff's disproportionately high fee request for $82,309.32 be substantially reduced to exclude non-compensable fees and to comport with reasonableness in light of the very limited results obtained.

### B.  <u>Plaintiff Improperly Seeks Fees For Non-Compensable Time.</u>

#### 1.  Fees Unrelated to Plaintiff's FDCPA Claim Are Not Compensable Under 15 U.S.C. § 1692k.

There is no dispute in this case that Plaintiff's debt was delinquent when Green Tree made the disputed calls, but Plaintiff seeks an award of attorneys' fees for her counsel's time on issues unrelated to the FDCPA claim, for example time spent addressing her concerns about ongoing servicing issues such as billing and application of payments during the course of the litigation, which is not recoverable.  <u>See</u>, <u>e.g.</u>, <u>Lohman v. Borough,</u> No. 05-1423, 2008 WL 2951070 (M.D.Pa. July 30, 2008), *4 (M.D.Pa. 2008) (disregarding time billed for several tasks not related to the claim on which plaintiff succeeded).  Examples of such improper billing entries abound in the Fee Statement.  <u>See</u>, <u>e.g.</u>, Fee Statement at p. 5 (at least 4 time entries on 0.7 hours on Jan. 7 by CS relating only to payment issues and others partially relating thereto);  p. 6 (same Jan. 10-14);   p. 7 (same

Feb. 1), p. 8 (seven entries Feb. 1-6 relating only to payment issues and others partially relating thereof); p. 9 (five entries Feb 8-11 2/8/13); p. 28 (KMB entries re: Green Tree billing).  Similarly, all entries relating to Plaintiff's concerns about other non-FDCPA claim issues must also be stricken. <u>See</u>, <u>e.g.</u>, <u>id.</u> at p. 2 (entry relating Plaintiff's concerns appraisals and title searches).

> ### 2. Numerous Administrative, Redundant and Insufficiently Specific Tasks Itemized in the Fee Statement Are Non-Compensable.

"As a general rule, time that would not be billed to a client cannot be imposed on an adversary….Thus, administrative tasks, which are not the type normally billed to a paying client, may not be recovered by a party through a fee petition." <u>Zavodnick v. Gordon & Weisberg</u>, No. 10-2175, 2012 WL 2036493, *6 (E.D.Pa. June 6, 2012) (denying fees sought for administrative tasks performed by attorneys).  For example, time entries involving the contract between counsel and the Plaintiff constitute a cost of running a practice and "should not be the responsibility of the adverse party." <u>Jackson v. National Credit Adjusters, LLC et al.</u>, No. 08-0480, 2009 WL 367408, *1 (M.D.P.A. Feb. 13, 2009) (Caputo, J.). Accordingly, any and all fees requested for administrative communications with Plaintiff about billing rate changes or similarly administrative issues should be stricken. <u>See</u>, <u>e.g.</u>, Fee Statement at pp. 3, 25.

While the Sabatini Firm purports to have reduced its fees and "discounted" *select* administrative time, the Fee Statement shows that it still seeks to recover substantial amounts for administrative tasks performed by lawyers, paralegals or other staff for which Plaintiff would not be expected to pay, and for Defendant should not have to pay.  For example, on March 14, 2013, "MEP," for whom no certification is offered, billed 5.6 hours and $532.00 for administrative tasks such as "arranging travel and depositions," preparing an itinerary, and overnighting documents, and additional time that day for meeting with CS to discuss information regarding the travel arrangements. See Fee Statement, p. 11.   On February 12, 2013 MEP billed 0.8 hours and $76 for emailing CS and organizing documents she downloaded.  Id., p. 9.  See also, e.g., p. 14 (3/26/13 MEP $76). Similarly, on March 29, 2013, "ABB" prepared and filed an entry of appearance for an attorney and organized documents for depositions, charging cumulatively for 2.5 hours and 237.50.  Id. p. 15.  Further to this point, on August 19, 2013 and November 15, 2003, "KMB" received and reviewed ECF notices, and on August 19, 2013 "SMD" charged for taking a phone message for CS.  Id., pp. 20, 22. Notably, some entries for KMB's review of ECF entries are "discounted." See, e.g., id. at p. 21.  However, numerous administrative task entries by KMB and others are improperly left to constitute portions of the fees requested.  See Fee Statement, *passim*.

Moreover, the Fee Statement contains numerous separate 0.1 entries by the highest billing attorney, CS, for time spent receiving and reviewing ECF notices and "out of office" automatic replies to emails.  For example, on November 15, 2013, CS billed four (4) separate 0.1 time entries for receiving and reviewing four separate ECF notices, notwithstanding another separate entry that same day of 0.7 hours for time spent actually reading the 4 filings. See, e.g., Fee Statement p. 22; see also id., p. 23 (entries for receiving and reviewing ECF notices and administrative communications with court reporter).  On January 3, 2013, CS even separately billed the time spent receiving and reviewing the ECF notice of his very own entry of appearance.  See id. p. 4.  Similarly inappropriate are several attorney time entries for time spent receiving and reading auto-generated "out of office" replies to emails he sent.  See, e.g., Fee Statement p. 17 ("Receive and review automatic reply email from Barbara Hager that she is out of the office"); p. 18 ("Receive and review email automatic reply from Abbott that she is out of the office all week."); p. 20 (same); p. 26 (same); p. 28 (4 similar entries on Jan. 8, 9, 10, 22).

Duplicative entries should also be stricken.  For example, on November 22, 2013, attorneys BF and CS billed two hours each for attendance at the pretrial conference, despite the fact that only one claim remained.  See Fee Statement, p. 23.  The attendance of two attorneys for a conference on a single plaintiff case with

only one claim remaining was unnecessary and redundant. Together with other duplicative efforts on briefing and other tasks throughout the Fee Statement, these duplicative and unnecessary entries should be stricken. See, e.g., Lohman, *supra* (reducing lodestar by approximately 25% for duplicative, inapplicable and excessive billing); see also Windall, 51 F.3d at 1188.

> **3.    Plaintiff's Summary Judgment Motion Was Not Successful, Necessary, or Otherwise Useful And Fees Should Be Stricken.**

Plaintiff's request of $82,309.32 includes approximately $18,000.00 in fees billed for work on a wholly unsuccessful Motion for Summary Judgment ("Motion" or "MSJ") (Doc. 22). Plaintiff's MSJ sought judgment as to Green Tree's liability for: 1) leaving messages with third parties; 2) failing to identify to third parties that Defendant was a "debt collector;" and for 3) calling third parties more than once. See, MSJ, generally; see also Reply Brief at pp. 1, 5, and 7. Although the Motion was denied, Plaintiff nevertheless argues that fees for the unsuccessful Motion should nevertheless be awarded. Her arguments are wholly unavailing and fees sought pursuing the Motion for Summary Judgment should be stricken in total, or alternatively, should be stricken in substantial part.

As to whether leaving messages with third parties violated the FDCPA, the Court held that the "message[s asking for Plaintiff and for her call it back] conveyed no information whatsoever about the debt" and that such contacts "were

not communications under the FDCPA." MSJ Opinion, at p.13.  As to whether

Green Tree was required to identify itself as a debt collector when leaving a

message, after "a careful review," the Court agreed with Green Tree that providing

such information is not only *not* required, but is in fact *prohibited* by the FDCPA.

Id. at p. 17.  As to whether Green Tree's second or third calls to third parties fell

outside of the safe harbor for pursuing location information, Plaintiff

unsuccessfully argued that no question of fact precluded summary judgment.

Accordingly, the Motion was denied in all respects.  Indeed, the Motion resulted in

Plaintiff's loss of any chance for recovery on one out of two violations alleged, and

only resulted in requiring further litigation and expense to achieve even limited

success on the second theory.

Plaintiff suggests that despite its lack of success, the MSJ "helped narrow

the issues," assisted Plaintiff "in preparing her arguments on the issues that were

presented," and that she "used the briefs filed with respect to the motion when

preparing her pretrial submissions, which allowed her to draft those documents in a

more efficient manner."  See Fee Petition Brief at pp. 8-12.  Narrowing the issues

for trial and helping to prepare arguments on the issues presented does not convert

Plaintiff's denied MSJ into a successful Motion.  To the limited extent, if any, that

the MSJ helped her to prepare arguments on the issues that *were* presented, any

such helpfulness was confined to the sole remaining issue for trial – namely,

whether the follow up calls to third parties fell within the safe harbor for seeking location information.

Plaintiff relies on <u>Planned Parenthood of Central New Jersey v. The Attorney General of N.J., et al.</u>, 297 F.3d 253 (3d Cir. 2002) ("Planned Parenthood"), to support an award for the Motion, but the Planned Parenthood case – in which incomparably weighty moral, constitutional and legislative issues were at issue - was utterly unlike this one of "several hundred [FDCPA] cases" filed by the Sabatini firm.   Moreover, the dispositive facts supporting an award of fees for the "unsuccessful" motion in <u>Planned Parenthood</u>, are glaringly absent in this case. In <u>Planned Parenthood</u>, the Court awarded fees for time spent preparing a motion for summary judgment that: 1) was never filed; 2) was never adjudicated; but – importantly – 3) the brief *was* twice relied upon ***instead*** of the party drafting separate pre-trial and post-trial briefs.   The Court of Appeals very clearly stated that reliance on the summary judgment brief "**instead** of filing a post-trial brief [] **made** the work on the motion 'necessary,' 'successful,' and 'useful.'"   <u>Id.</u> at 271 (emphasis added).   The Court continued to emphasize this usefulness point by stating that: "**[s]ince** the summary judgment brief was eventually submitted ***in lieu of a pre-trial brief, *and* a post-trial brief***, the work was certainly 'necessary' and 'useful.'"   <u>Id.</u> (emphasis added).

In contrast, Plaintiff's MSJ was filed, opposed, adjudicated, and <u>denied</u>. A trial was therefore required on the merits of Plaintiff's sole remaining claim. Accordingly, for purposes of achieving the ultimate $1,000.00 award in favor of Plaintiff, the summary judgment motion was not "necessary" or "successful." Nor was the MSJ  briefing "useful" by virtue of being filed or relied upon "in lieu" of or "instead" of any other requisite briefing - in striking contrast to the <u>Planned Parenthood</u> case. Here, Plaintiff seeks separate meaningful fees for time spent on the separate work of preparing a pre-trial brief, and the extent to which the MSJ briefing "allowed her to draft [her pretrial submissions] in a more efficient manner," <u>see</u> Fee Petition Brief at 12, any such efficiency is dwarfed if not defeated by the fees actually billed for the pre-trial submissions. Indeed, Plaintiff's suggestion that work on the MSJ brief made preparation of the pre-trial more efficient is dubious in light of the subsequent efforts extended on the latter. For example, on Nov. 11, 2013, CS revised a statement of facts for an hour (<u>see</u> Fee Statement, p. 21), and on Nov. 15, 2013, CS spent 4.4 hours preparing the pre-trial memorandum and exhibits. Thereafter, from Dec. 2-5, BF spent 4.8 hours drafting an outline for the pre-trial memorandum on which CS had already spent 4 hours. <u>Id.</u>, p. 23. Moreover, per the Fee Statement, CS thereafter researched and prepared the pre-trial memorandum for an additional 11 hours on December 5. <u>Id.</u>, p. 24. Not only do the above efforts of BF and CS constitute duplicative work for a 5-

page memo, but attorneys' combined fee entries of 20+ hours belie Plaintiff's suggestion that the prior MSJ work made the pre-trial memorandum preparation more efficient, and they fly in the face of the <u>Planned Parenthood</u> standard for awarding fees on an unsuccessful motion where its brief was later made "useful" or "necessary" because it was used "in lieu" of another requisite filing.  Accordingly, Plaintiff should not be awarded fees or costs for time spent on the MSJ, which was not successful, and was not thereafter rendered otherwise useful or necessary by being used in place of a pretrial or post-trial brief.

### C.     <u>Plaintiff's Results Obtained Warrant a Downward Adjustment of the Disproportionately High Fees Requested.</u>

Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." <u>Hensley</u>, 461 F.3d at 434-435.  This may arise "even where the plaintiff's claims were interrelated, non-frivolous, and raised in good faith." <u>Id</u>.  When addressing the prospect of an "excessive" fee recovery, the Court emphasized that the <u>degree of success</u> obtained is the most critical factor. <u>Id.</u>

Here, the results obtained for the benefit of Plaintiff are comprised only of a statutorily designated $1,000.00 award, based on what was found to be a technical violation of the FDCPA.  That's all.  There was no other positive result obtained for Plaintiff by prosecution of this case, which originally included a wholly

meritless claim for actual damages, despite a total want of evidence and foundation for any such claim.  Indeed, the $1,000 statutory award result is approximately, 25 percent - a mere fraction - of Plaintiff's original settlement demand for $3,950.00,[3] served together with the Complaint, in what might reasonably be described as a coercive settlement tactic.   Plaintiff's wholly unsuccessful claim alleged that messages left with third parties did not identify Green Tree as a debt collector. The Court found that the messages were not communications under 15 U.S.C. § 1692a(2).  MSJ Opinion at p. 12. The foregoing claim was based on facts and a liability theory separate and distinct from the tried issue challenging the follow up calls made to third parties and the asserted safe harbor defense under 15 U.S.C. §§ 1692b; 1692c(b).  Even if that were not so, and if the Court were to determine that there existed a common core of facts preventing apportionment of fees according to the unsuccessful versus successful theory of recovery, at least the baseless allegations of actual damages and preliminary settlement demand for four times the amount of Plaintiff's ultimate result obtained, warrant a substantial downward adjustment of the lodestar figure once the non-compensable fees are stricken, and the Court may apportion and otherwise consider the overall degree of

_____

[3] Although the settlement offer served with the Complaint suggests a demand of $3,850.00, see Petition ¶ 42, the attached settlement agreement to be executed in connection with a settlement demanded $3.950.00.

success in determining the appropriate fee level.  In light of Plaintiff's failed claim regarding the voicemail messages, her complete failure to prove or be awarded any actual damages as claimed in her Complaint, and her overall limited success being confined to a statutory award of $1,000.00, Green Tree respectfully requests the Court exercise its discretion to substantially reduce the $82,309.32 fee amount requested by Plaintiff to reflect Plaintiff's limited results obtained, and to avoid a windfall to counsel.. See, e.g., Lohman v. Borough, No. 05-1423 (Caputo, J.), 2008 WL 2951070, *13 (M.D. Pa. July 30, 2008) (Court declining to apportion fees according to the ratio of successful versus unsuccessful claims, but nevertheless reducing a reduced lodestar calculation by another $30,000 based on the overall limited degree of success).

## V.    CONCLUSION

The entirely limited results obtained by Plaintiff are eclipsed by the disproportionately high fees sought in the Petition, measuring *after* Plaintiff's own discounts and reductions to an amount Plaintiff seeks fees more than eighty-two (82) times the award to Plaintiff in this case.  Notwithstanding the statutory scheme allowing for an award of attorney's fees even here, where Plaintiff had no actual damages of any sort, the purpose and spirit of the FDCPA, namely, to address abusive, deceptive and unfair debt collection practices, 15 U.S.C. § 1692(a), should not be sacrificed, and the fees requested in the Petition should be reduced to

account for non-compensable fees contained therein, and in order to reflect the limited degree of success in this $1,000 statutory fee award case.

Dated:        June 5, 2014                    Respectfully submitted,

                                              /s/Barbara K. Hager
                                              Barbara K. Hager, Esq., No. 88832
                                              Lauren A. Abbott, Esq., No. 203016
                                              **REED SMITH LLP**
                                              Three Logan Square
                                              1717 Arch Street, Suite 3100
                                              Philadelphia, PA  19103-7301
                                              (215) 851-8100
                                              (215) 851-1420 (fax)
                                              bhager@reedsmith.com
                                              labbott@reedsmith.com
                                              Attorneys for Defendant
                                              Green Tree Servicing, LLC

## <u>CERTIFICATE OF COMPLIANCE</u>
## <u>PURSUANT TO M.D.P.A. LOCAL RULE 7.8(b)(2)</u>

I, Barbara K. Hager, hereby certify that on this 5th day of June, 2014, the foregoing Brief in Opposition to Plaintiff's Petition For An Award of Attorney's Fees contains 4,578 words inclusive of footnotes, headers and tables, and is in compliance with M.D.P.A. Local Rule 7.8.


By:   <u>/s/ Barbara K. Hager</u>
         Barbara K. Hager

## <u>CERTIFICATE OF SERVICE</u>

I, Barbara K. Hager, hereby certify that on this 5th day of June, 2014, a true

and correct copy of the foregoing Brief in Opposition to Plaintiff's Petition For An

Award of Attorney's Fees Pursuant to 15 U.S.C. § 1692k was filed electronically

with the Clerk of Court using the CM/ECF system, which will send notification of

such to all counsel of record, indicated below:

Kristin Sabatini
Carlo Sabatini
Sabatini Law Firm, LLC
216 N. Blakely Street
Dunmore, PA 18512
Attorneys for Plaintiff

By:   <u>/s/Barbara K. Hager</u>
        Barbara K. Hager