IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICIA EVANKAVITCH,** : **Plaintiff** : : **v.** : : **GREEN TREE SERVICING, LLC,** : **Defendant** : | No. 3:12cv2564 (Judge Munley) |

## MEMORANDUM

Before the court is plaintiff's motion for attorney's fees and costs. This motion is fully briefed and ripe for disposition.

**Background**

The instant Fair Debt Collection Practices Act (hereinafter "FDCPA") case arose from Plaintiff Patricia Evankavitch's (hereinafter "plaintiff") home mortgage that Defendant Green Tree Servicing, LLC (hereinafter "defendant") services.  Plaintiff became delinquent in her payments.  (Doc. 1-1, Notice of Removal, Ex. A, Compl.).  In an attempt to collect on the arrearage, defendant called third parties (plaintiff's neighbor and daughter).  (Id. ¶ 11).  Defendant asked the third parties to have plaintiff return defendant's call.  (Id.)  Plaintiff argued that this contact with third parties violated section 1692c(b) of the FDCPA.  (Id.)  Plaintiff also alleged the defendant violated section 1692e(11) of the FDCPA by failing to disclose that it was a debt collector when it left messages with the third parties.  (Id. ¶ 16).

The parties engaged in discovery and on July 11, 2013, plaintiff filed a

motion for partial summary judgment (Doc. 22).  The court denied plaintiff's motion and scheduled the case for trial.  After a two-day jury trial in December 2013, the jury returned a verdict in favor of the plaintiff and awarded plaintiff $1,000.00 in statutory damages.  (Docs. 69, 70).

On April 21, 2014, plaintiff filed the instant motion for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), which provides that the prevailing party may collect from "any debt collector who fails to comply with any provision of [the FDCPA] . . . the costs of the action, together with a reasonable attorney's fee as determined by the court."  The parties then briefed the issues, bringing the case to its present posture.

**Discussion**

It is well established that costs, attorney's fees and expenses may be awarded to a prevailing party in federal litigation where authorized by statute, court rule, or contract.  See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975); Hall v. Cole, 412 U.S. 1, 4 (1973).  As noted above, the FDCPA authorizes the award of attorney's fees to the prevailing party.

When awarding attorney's fees and costs, courts within the Third Circuit use the "lodestar" method.  See Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).  The first step in using the lodestar method is to calculate "the product of the hours reasonably expended and the applicable hourly rate for

2

the legal services." Pub. Interest Research Grp. of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, (1983)).  After this product, known as the "lodestar," is determined, the court has discretion to adjust the fee for a variety of reasons, most notably "the 'results obtained' by the [prevailing party.]"  Id. (citing Hensley, 461 U.S. at 434).

The "party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)).  To satisfy this burden, the party seeking fees is initially required to submit evidence supporting the hours worked and the rates claimed.  Id.  To the extent the opposing party seeks to challenge the fees sought, "the opposing party must then object 'with sufficient specificity' to the request." Id. (quoting Rode, 892 F.2d at 1183)).  The court will address plaintiff's hourly rate and the number of hours reasonably expended *in seriatim*.

## A. Hourly Rates

Plaintiff seeks attorney's fees based on hourly rates ranging from $95 to $315 per hour, and argues that the rates proposed are identified by local counsel as being appropriate for the Scranton legal market.  Specifically,

plaintiff seeks an award of an hourly rate of $315 for Attorney Carlo Sabatini, $295 for Attorney Kristin Sabatini, $240 for Attorney Lindsey Tice, $225 for Attorney Brett Freeman and $95 for paralegals. (Doc. 81-1, Ex. A, Itemized Bill at 40-41).  Defendant has not challenged the hourly rates that plaintiff seeks.  Accordingly, we will adopt them.

**B. Number of Hours Reasonably Expended**

The court next addresses the hours reasonably expended.  In making this determination, the court begins with the claimed hours for which the applicant has evidentiary support.  "In calculating the hours reasonably expended, a court should 'review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'"  Maldonado, 256 F.3d at 184 (quoting Pub. Interest Research Grp. of N.J., Inc., 51 F.3d at 1188); see also Rode, 892 F.2d at 1183 (stating that "[t]he district court should exclude hours that are not reasonably calculated.").  "Hours that would not generally be billed to one's own client are not properly billed to an adversary." Pub. Interest Research Grp. of N.J., Inc., 51 F.3d at 1188 (citing Hensley, 461 U.S. at 433).

In the instant case, plaintiff asserts that four (4) attorneys and four (4)

4

paralegals (hereinafter "PL") invested 447.3 hours[1] into her case for a gross fee request of $115,470.00.[2]  (Doc. 81-1, Decl. of Carlos Sabatini dated 4/21/14 (hereinafter "Sabatini Decl.") ¶ 41; Sabatini Decl., Ex. A, Itemized Bill at 40-41; Doc. 89-5, Supplemental Decl. of Carlos Sabatini dated 6/23/14 at 4).  In opposing this request, defendant objects to specific billing entries that seek fees for alleged non-compensable time, including:  (1) time spent on

---

[1]  The hours plaintiff has submitted breakdown as follows:

| Name | Hours 8/27/12 - 4/3/14 | Hours 5/1/14 - 6/23/14 |
|---|---|---|
| Attorney Carlo Sabatini | 199.80 | 10.40 |
| Attorney Kristin Sabatini | 4.10 | |
| Attorney Lindsey Tice | 3.70 | |
| Attorney Brett Freeman | 180.10 | 15.10 |
| PL Kim Bryden | 10.40 | |
| PL Andria Blanchard | 4.80 | |
| PL Mary Peters | 17.90 | |
| PL Shannon Dodge | 1.00 | |
| **SUB TOTAL:** | **421.80** | **25.50** |
| **TOTAL HOURS: 447.30** | | |

[2]  Plaintiff's gross fee bill:

| Name | Total Hours | Hourly Rate | TOTAL |
|---|---|---|---|
| Attorney Carlo Sabatini | 210.20 | $315.00 | $66,213.00 |
| Attorney Kristin Sabatini | 4.10 | $295.00 | $ 1,209.50 |
| Attorney Lindsey Tice | 3.70 | $240.00 | $   888.00 |
| Attorney Brett Freeman | 195.20 | $225.00 | $ 43,920.00 |
| PL Kim Bryden | 10.40 | $95.00 | $   988.00 |
| PL Andria Blanchard | 4.80 | $95.00 | $   456.00 |
| PL Mary Peters | 17.90 | $95.00 | $ 1,700.50 |
| PL Shannon Dodge | 1.00 | $95.00 | $    95.00 |

**TOTAL:    $115,470.00**

5

tasks unrelated to the FDCPA claim; (2) time spent on administrative, redundant and insufficiently specific tasks and (3) time spent on plaintiff's unsuccessful summary judgment motion.  We will address these issues in turn.

**1. Time spent on tasks unrelated to FDCPA Claim**

Defendant asks that any fee award make appropriate reductions for plaintiff's time entries covering services unrelated to plaintiff's FDCPA claim.  Specifically, it objects to 3.7 hours of time entries regarding ongoing servicing issues.  Plaintiff argues that these time entries all pertain to her ongoing dispute with the defendant regarding the underlying debt.

The parties do not dispute that plaintiff's debt was delinquent when plaintiff initiated the underlying FDCPA action.  Plaintiff's request for time spent addressing her concerns regarding ongoing servicing issues, however, does not directly relate to this FDCPA action.  Accordingly the court will strike 3.7 hours pertaining to ongoing mortgage servicing issues.[3]

**2. Time spent on administrative or redundant tasks**

Next, defendant challenges several time entries as tasks that were administrative or redundant.  "As a general rule, time that would not be billed

---

[3] The 3.7 hours are attributed to the following individuals: Carlos Sabatini-3.4; Kim Bryden-0.2 and Andria Blanchard-0.1.  (Doc. 89-2, Ex. A, Objection Spreadsheet at 2-5).

to a client cannot be imposed on an adversary . . . . [t]hus administrative tasks, which are not the type normally billed to a paying client, may not be recovered by a party through a fee petition." Zavadonick v. Gordon & Weisberg, No. 10-2175, 2012 WL 2036493, *6 (E.D. Pa. June 6, 2012) (denying fees for administrative tasks performed by attorneys).  Such administrative tasks that should not be borne by the opposing party include communications "which involve the contract between counsel and the plaintiff." Jackson v. Nat'l Credit Adjusters, L.L.C., No. 3:08-CV-0480, 2009 WL 367408 *1 (M.D. Pa. Feb. 13, 2009).

The court has reviewed plaintiff's itemized billing sheet in light of defendant's specific objections, and has determined that several of the identified billing entries are either clerical in nature, redundant or excessive. Specifically, the court will exclude 0.2 hours for two entries dated December 28, 2012 and December 30, 2012 for communication between plaintiff and Attorney Carlo Sabatini regarding the contract between plaintiff and counsel. The court will also strike 3.6 hours from paralegal Mary Peters for performing travel and other administrative tasks on March 14, 2013.

Additionally, seven time entries were made on April 8, 2013; July 11, 2013; November 4, 2013; January 8-10, 2014; and January 22, 2014 accounting for 0.7 hours of Attorney Sabatini's time spent "receiving and reviewing" automatic "out of office" reply emails from opposing counsel.

Given counsel's experience and the lack of complexity involved with reading auto-generated out of office reply emails that are devoid of any substantive communication, the court will strike these time entries.

The defendant also contends that Attorney Sabatini and Freeman's joint attendance at the pre-trial conference was redundant.  While both attorneys were present at trial, the court will find that their joint attendance at the pre-trial conference was repetitive and will deduct 2.0 hours of time from Attorney Freeman.

Finally, plaintiff's attorney submitted the itemized bill to Attorney Cary Flitter, an attorney with extensive knowledge litigating and teaching in the field of consumer law.  (Doc. 85, Aff. of Cary Flitter ¶¶ 1-9).  Attorney Flitter identified times entries regarding plaintiff's trial preparation that he felt could have been performed more efficiently.  (Id. ¶¶ 24-28).  Specifically, Attorney Flitter believes that 21.5 hours for Attorney Freeman and 18.2 hours for Attorney Sabatini are unreasonable and should be excluded from plaintiff's trial preparation fees.  (Id. ¶¶ 27-28).  Plaintiff does not dispute this reduction. (Doc. 82, Pl.'s Br. in Supp. of Mot. for Fees at 8).  Thus, the court will strike 21.5 hours from Attorney Freeman and 18.2 hours from Attorney Sabatini. Accordingly, the sum of the stricken hours for administrative or redundant tasks are: Brett Freeman-23.5; Carlo Sabatini-19.1 and Mary Peters-3.6.

**3. Time spent on summary judgment motion**

Defendant next asserts that plaintiff is not entitled to recover fees billed for work performed on her unsuccessful motion for summary judgment.[4] Plaintiff contends that despite her lack of success, the summary judgment motion helped narrow the issues and assisted plaintiff in preparation for trial where she ultimately prevailed. After careful review, the court agrees with the defendant in part.

Plaintiff's motion sought partial summary judgment as to defendant's liability for: 1) leaving messages with third parties; 2) failing to identify to third parties that defendant was a "debt collector," and 3) calling third parties more than once. (Doc. 32, Pl.'s Mot. for Summ. J.). The court first determined as a matter of law that defendant did not violate the FDCPA in leaving messages with third-parties or failing to identify itself as a debt collector to third parties. Additionally, the court determined that the existence of genuine issues of material fact regarding whether defendant violated the FDCPA in contacting third-parties precluded summary judgment.

The court will reduce plaintiff's summary judgment hours by 2/3. We find that in spite of plaintiff's ultimate success at trial, plaintiff's motion for

---

[4] Plaintiff seeks fees for 67.5 hours of time for her summary judgment motion: Brett Freeman-29.6; Carlo Sabatini-35.9; Mary Peters-1.8 and Kim Bryden-0.2. (Doc. 81-1, Ex. A, Itemized Bill at 30-32).

summary judgment obtained limited success. As such, the court will strike the following hours: Brett Freeman-19.73; Carlo Sabatini-23.93; Mary Peters-1.2 and Kim Bryden-0.1.

**C. Lodestar Calculation**

In order to calculate the lodestar, the court must multiply the reasonable hours by the reasonable rate. The following illustrates the amount of hours included in the lodestar calculation after the deductions noted above, along with the hourly rate this court has awarded to each attorney and paralegal.

| Attorney | Rate | Allowed Hours | Lodestar |
| --- | --- | --- | --- |
| Attorney Carlo Sabatini | $315.00 | 163.77 | $51,587.55 |
| Attorney Kristin Sabatini | $295.00 | 4.10 | $1,209.50 |
| Attorney Lindsey Tice | $240.00 | 3.70 | $888.00 |
| Attorney Brett Freeman | $225.00 | 151.97 | $34,193.25 |
| PL Kim Bryden | $95.00 | 10.20 | $969.00 |
| PL Andria Blanchard | $95.00 | 4.70 | $446.50 |
| PL Mary Peters | $95.00 | 13.10 | $1,244.50 |
| PL Shannon Dodge | $95.00 | 1.0 | $95.00 |
| | **TOTAL** | **352.54** | **$90,633.30** |

Based upon the above calculations and adjustments to plaintiff's requested time, the court arrives at a lodestar figure of $90,633.30.

**E. Adjustment of the Lodestar for Unsuccessful Claims**

After calculating a lodestar figure, the court can adjust the total downward if it is "not reasonable in light of the results obtained." Rode, 892 F.2d at 1183.  The United State Supreme Court clarified the proper relationship of the results obtained to an award of attorney's fees in Hensley v. Eckerhart, 461 US. 424 (1983).  The Court explained that "[t]he product of reasonable hours times a reasonable rate does not end the [attorney's fee] inquiry.  There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" Id. at 434.  Moreover, the Court noted that the novelty and difficulty of the questions may weigh in favor of reducing the lodestar amount. Id. at 430 n.3.

In this case, the court will reduce the lodestar amount by 10% or $9,063.33 for two reasons.  First, plaintiff's FDCPA complaint did not represent novel or difficult issues because it was a straightforward application of the FDCPA.  Second, the results obtained weigh in favor of an overall lodestar reduction because plaintiff was only successful on one of her two theories of liability.  Regarding plaintiff's first theory, the court determined as a matter of law that defendant did not violate the FDCPA in leaving messages with third-parties or failing to identify itself as a debt collector to third parties.  On plaintiff's second theory of liability, the jury determined that the defendant was

11

liable to plaintiff under the FDCPA for contacting plaintiff's daughter and neighbor.

Defendant contends that a further reduction in the lodestar is warranted because the requested fees are disproportionate to plaintiff's $1,000 verdict. Attorney fee awards under fee-shifting statutes, however, often bear little or no relation to the actual or statutory damages recovered under those statutes. See Ne. Women's Ctr. v. McMonagle, 889 F.2d 466, 71-75 (3d Cir. 1989) (upholding a jury's finding of $875.00 in damages would support a reasonable counsel fee and cost petition for $64,964.11).  This result is sanctioned because, as our Court of Appeals has noted, fee shifting statutes "enhance enforcement of important civil rights, **consumer protection**, and environmental policies." Student Pub. Interest Research Grp. of N.J. v. AT&T Bell Labs., 842 F.2d 1436, 1449 (3d Cir. 1988) (emphasis added).  Fee awards at "competitive rates" help "assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing [these] public interest claims will be vindicated." Id.

Accordingly, the Court will subtract $9,063.33 from the lodestar ($90,633.30) resulting in a net fee award of $81,569.97.

**F. Costs**

Finally, as the prevailing party, plaintiff is entitled to costs under Federal Rule of Civil Procedure 54(d)(1).  Plaintiff documented her costs, totaling $4,781.97.  Defendant does not object to plaintiff's requested costs in this action and, therefore, the court will approve $4,781.97 in costs.

**Conclusion**

For the reasons set forth above, we will award plaintiff $81,569.97 in attorneys' fees and $4,781.97 in costs for a total award of $86,351.94.  An appropriate order follows.


Date:  **09/09/14**                                              **s/ James M. Munley**
                                                                            **JUDGE JAMES M. MUNLEY**
                                                                            **United States District Court**